# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GREGORY D. DAVIS,

      Plaintiff,

v.

MILWAUKEE COUNTY JAIL and IT MEDICAL SERVICES,

      Defendants.

Case No. 19-CV-1196-JPS

**ORDER**

  Plaintiff Gregory D. Davis, who is incarcerated at the Wisconsin Secure Program Facility, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's motion to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $35.78. 28 U.S.C. § 1915(b).

  The Court proceeds to screen the complaint, as it is required to do with complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900

(7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell*, 352 F.3d at 1109–10 (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on March 3, 2019, he was injured by a closing elevator door while being moved through the Milwaukee County Jail (the "Jail"). (Docket #1 at 2). He does not describe the extent of his injuries, but states that he told correctional officers and medical staff that he needed to go to the hospital. *Id.* at 2–3. He was not taken to the hospital, however. Plaintiff was instead taken to the clinic, given some pain medication, and sent back to his housing unit. *Id.* at 3. Plaintiff does not name any individual defendants; his only targets are the Jail's medical service company and the Jail itself. *Id.* at 2.

Plaintiff's complaint does not disclose that he filed another case containing precisely these same allegations in May 2019. *Gregory Dion Davis v. Armor Med. Dep't, et al.*, 19-CV-701-LA (E.D. Wis.). Judge Adelman screened Plaintiff's initial complaint in that case, identified its many deficiencies, and permitted Plaintiff to file an amended pleading to correct

them. *Id.,* (Docket #8). The amended complaint still failed to present any viable claims for relief and was dismissed on that basis on August 16, 2019. *Id.,* (Docket #10). Plaintiff did not appeal the dismissal.

The Court cannot reach the merits Plaintiff's instant case—which are suspect, in any event, for the reasons stated by Judge Adelman—because they are barred by res judicata. The doctrine of res judicata, or claim preclusion, prohibits a party from re-litigating a case which had previously been dismissed with prejudice. *Czarniecki v. City of Chi.*, 633 F.3d 545, 548 (7th Cir. 2011). Res judicata "has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest)." *Id.* (quotation omitted). All three are present here. Plaintiff's prior case sued the same defendants, for the same conduct, and it was dismissed with prejudice. *Miller v. Wisconsin*, 308 F. App'x 1, 2 (7th Cir. 2008) (a dismissal for failure to state a claim is with prejudice). Plaintiff cannot simply re-file the same action after the first is dismissed with prejudice, hoping for a different result the second time. *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) ("In civil litigation, the final resolution of one suit is conclusive in a successor [suit], whether or not that decision was correct. If Gleash wanted to contest the validity of the district judge's decision—either on the merits or on the ground that he should have been allowed to re-plead—he had to appeal.").

The Court will, therefore, dismiss this action with prejudice. The Court will also assess a strike against Plaintiff as provided by the Prison Litigation Reform Act, as Judge Adelman did when he dismissed the earlier action. The Court gives Plaintiff a further, final warning. If he continues to

file new cases regarding these events, he will not only receive additional strikes, but he may be subject to sanction.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee, $314.22, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge